UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| HUMAN RIGHTS DEFENSE CENTER<br>1901 South Congress Avenue, Suite 200<br>Boynton Beach, Florida 33426<br><br>     Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY,<br>2707 Martin Luther King Jr Avenue, S.E.<br>Washington, D.C. 20528<br><br>     Defendant. | Case No. _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Human Rights Defense Center respectfully submits this Complaint for declaratory and injunctive relief finding Defendant United States Department of Homeland Security has violated the Freedom of Information Act, 5 U.S.C. § 552, *et seq.* ("FOIA"), and ordering it to comply with its obligations.

## Introduction

1.  On July 16, 2024, Plaintiff Human Rights Defense Center ("Plaintiff" or "HRDC") submitted a written request under FOIA for records held by Defendant United States Department of Homeland Security ("Defendant" or "DHS"). The requested records concerned DHS's FOIA litigation payments made over the past decade to resolve FOIA claims against Defendant and its employees, as well as, for each such claim or case, a copy of the complaint(s) or claim form(s) and the verdict form, final judgment, consent decree, or other paper that resolve

the case or claim. To date, however, DHS has completely failed its obligations under FOIA to provide the public records that HRDC seeks. Accordingly, HRDC requests that this Court order the DHS to comply; enjoin DHS from further neglecting its duties under federal law; and reimburse HRDC the legal fees and costs it has incurred in bringing this action.

## Parties, Jurisdiction, Venue

2.      Plaintiff Human Rights Defense Center is a nonprofit charitable organization incorporated under the laws of the State of Washington and recognized as tax exempt under IRS Code § 501(c)(3). The core of HRDC's mission is public education, prisoner education, advocacy, and outreach in support of the rights of prisoners and in furtherance of basic human rights. Among other publications, HRDC distributes the preeminent news publication across penological institutions in the United States: *Prison Legal News* ("PLN").

3.      Defendant United States Department of Homeland Security is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1). Defendant DHS is headquartered in Washington, D.C. DHS has possession, custody, and control of the records requested by HRDC.

4.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 522(a)(4)(B).

5.      Venue is proper in this District under 28 U.S.C. § 1391(e).

## FACTUAL BACKGROUND

6.      HRDC currently distributes dozens of different criminal justice, legal and self-help titles, including its prolific monthly periodical that reports and analyzes criminal justice news on a national level: *PLN*. Produced continuously since 1990, the publication has approximately 5,000 subscribers in 50 states, including lawyers, journalists, judges, courts, public libraries, and universities. Surveys indicate that *PLN*'s readership is approximately ten

times the subscriber number. HRDC also maintains a listserv and a website at

www.prisonlegalnews.org, which receives approximately 700,000 visitors per month, according

to site analytics. HRDC publishes books about the criminal justice system and legal issues for

use by prisoners, lawyers, courts, libraries, and other members of the public.

7.      HRDC also publishes *Criminal Legal News* ("*CLN*"), a monthly 56-page

magazine that reports on criminal law and procedure, police civil rights litigation, policing,

prosecutorial misconduct, sentencing issues and mass incarceration. *CLN* currently has

approximately 2,500 subscribers in all 50 states and its website, www.criminallegalnews.org,

receives approximately 300,000 visitors each month.

8.      HRDC, through its publications, is a "representative of the news media" within

the meaning of 5 U.S.C. § 552(a)(4)(A)(ii) because it gathers information of current interest to

the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes

that work to a national audience through its various publications.

9.      HRDC's employees, publications, and advocacy activities (including its litigation)

have been widely cited in mainstream media sources, including The New York Times, CNN,

The Wall Street Journal, USA Today, The Nation, BusinessWeek, Mother Jones, the Miami

Herald, the National Law Journal, The Atlanta Journal Constitution, The Sacramento Bee, the

Boston Herald, The Washington Times, Columbia Journalism Review, Courthouse News

Service, and the First Amendment Center.

10.     HRDC is a 501(c)(3) non-profit corporation that advocates on behalf of the

human rights of people held in detention facilities in the United States. The core of HRDC's

mission is public and prisoner education, advocacy, and outreach in support of the rights of

prisoners and in furtherance of basic human rights. To this end, HRDC has engaged in critical

litigation throughout the country in an effort to hold the government accountable.

**The FOIA Request to DHS – Request No. 2024-HQFO-01958**

11.     On July 11, 2024, HRDC issued a written request to DHS seeking:

records of all FOIA litigation against Department of Homeland Security (DHS) and/or its
employees or agents where the agency and/or its insurers paid $1,000 or more to resolve
claims. These payments include but are not limited to settlements, damages, attorney fee
awards, and sanctions, irrespective of the identity of the plaintiff or claimant.
Specifically, HRDC requests the following records, provided in electronic native format
where possible, and otherwise in electronic format:

1.  Records, regardless of physical form or characteristics, sufficient to show for
    all claims or lawsuits brought against U.S. Immigration and Customs
    Enforcement and/or any of its agents or employees in which payments totaling
    $1,000 or more were disbursed from July 11, 2014 to the present:

    - The name of all parties involved;
    - The case or claim number;
    - The jurisdiction in which the case or claim was brought (e.g., U.S.
      District Court for the District of Columbia, D.C. Superior Court, etc.);
    - The date of resolution;
    - The amount of money involved in the resolution and to whom it was
      paid.

2.  For each case or claim detailed above:
    - The complaint or claim form and any amended versions;
    - The verdict form, final judgment, settlement agreement, consent
      decree, or other paper that resolved the case.

*See* HRDC's FOIA Request, attached as **Exhibit A**.

12.     As a news media organization seeking records in the public interest, HRDC

requested a waiver of duplication costs pursuant to 5 U.S.C. § 552 (a)(4)(A)(ii)(II) and 5 U.S.C.

§ 552 (a)(4)(A)(iii). *See id.*

13.     Relevant to this request, DHS, like many other federal agencies, reports its

settlement and verdict payouts in an annual report to Congress through the Department of

4

Justice. Indeed, each year, agencies are required by law to submit an Annual FOIA Report to the

Attorney General in accordance with 5 U.S.C. § 552(e)(1).

14.     According to the Department of Justice, the report contains a list of all FOIA

cases in which a decision was rendered by a federal court for that year. The "Fees and Costs" list

provided in that annual report—in which DHS provides its settlement and verdict payouts—

contains cases "where court filings indicate that a party agreed to pay attorney fees or costs." *See*

2024 Litigation and Compliance Report, https://www.justice.gov/oip/2024-litigation-and-

compliance-report.

15.     While that report may contain some of the information subject to HRDC's

request, it does not contain settlements and payouts where the party did not indicate a payment in

a court filing. For example, the 2024 report identifies the matter of *James M. Slater v. Bureau of*

*Prisons*, No. 5:23-cv-00724 (M.D. Fla.), in which it states that no funds were paid by the Federal

Bureau of Prisons ("BOP"):

| Case Name | Case Number | Court | Disposition | Attorney Fees and Costs | Special Counsel | Subsections and Exemptions |
|-----------|-------------|-------|-------------|-------------------------|-----------------|----------------------------|
| Silversmith v. Federal Aviation Administration | 22-03613 | D.D.C. | Stipulation of dismissal with prejudice | | No | |
| Singh v. Customs and Border Protection | 24-00875 | D.D.C. | Stipulation of dismissal with prejudice | | No | |
| Skanska USA Building Inc. v. Department of Housing and Urban Development | 23-01838 | D.D.C. | Stipulation of dismissal with prejudice | | No | |
| Slater v. Bureau of Prisons | 23-00724 | M.D. Fla. | Stipulation of dismissal with prejudice | | No | |

16.     Yet, BOP reimbursed HRDC's undersigned counsel—the named plaintiff in that

case—$434.19 "for filing fees and litigation costs reasonably incurred in [that] matter." *See*

Settlement Agreement, attached as **Exhibit B**.

17.     While this specific settlement payment is not within the monetary limitation of

HRDC's FOIA request, or directed to DHS, it is illustrative of the fact public reports accessible

to HRDC and the public do not contain the full picture. Thus, while DHS may publicly report

some of the information subject to HRDC's FOIA request, such reporting is not conclusive or exhaustive of the amounts paid by the agency and certainly does not encompass information that is not public facing, such as settlement agreements.

18.     In response to HRDC's FOIA request, DHS issued a determination letter on the same day it received the request. DHS assigned a tracking number (2024-HQFO-01958) and determined "your request is too broad in scope or did not specifically identify the records which you are seeking." *See* Determination Letter, attached as **Exhibit C**. The determination letter did not render a decision as to whether the agency would waive duplication costs or classify HRDC as a media requester.

19.     On July 16, 2024, HRDC filed an administrative appeal challenging "too broad" determination in light of DOJ guidance and 6 C.F.R. section 5.3(b). *See* Appeal, attached as **Exhibit D**.

20.     On August 27, 2024, DHS issued a tracking letter as to the appeal, in which it assigned a tracking number (2024-HQAP-00705) and noted that there would be delays in a resolution of the appeal. *See* Appeal Processing Letter, attached as **Exhibit E**.

21.     Since the matter was appealed, more than twenty working days have lapsed without HRDC receiving any further determination or response from DHS or any substantive records.

## COUNT I

### Violation of 5 U.S.C. § 522(a)(6)(A)(ii)
### Failure to Timely Make Determination on Appeal

Plaintiff Human Rights Defense Center reincorporates and realleges paragraphs 1 through 21 above as if fully set forth herein.

22.    HRDC properly submitted its FOIA request, seeking records within the possession, custody, and control of DHS.

23.    DHS. is obligated under 5 U.S.C. § 522(a)(3) to produce records responsive to the HRDC's request.

24.    Under 5 U.S.C. § 522(a)(6)(A)(i), each federal agency, upon receiving a FOIA request, "shall determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of its "determination and reasons therefor"; the right of the requestor "to seek assistance from the FOIA Public Liaison of the agency"; or, "in the case of an adverse determination," the right to appeal.

25.    Further, under 5 U.S.C. § 522(a)(6)(A)(ii), each federal agency, upon receiving a FOIA appeal, must "make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal."

26.    The 20-day deadline by which DHS was required to communicate its decision on appeal has lapsed.

27.    HRDC has a statutory right to the records it seeks, and there is no basis for DHS to withhold them.

28.    As of the filing of this Complaint, DHS has not provided HRDC any decision on its appeal of the adverse determination on its FOIA request.

29.    Because no basis exists for DHS's failure to issue a decision, it has violated FOIA.

30.    Under 5 U.S.C. § 522(a)(6)(C)(i), a requestor "shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with . . .

[FOIA's] applicable time limit provisions." Accordingly, HRDC has exhausted its administrative remedies.

## COUNT II

**Violation of 5 U.S.C. § 522(a)(3)(A)-(D)**
**Failure to Make a Reasonable Effort to Search for and Release Records**

Plaintiff Human Rights Defense Center reincorporates and realleges paragraphs 1 through 21 above as if fully set forth herein.

31.     HRDC properly submitted its FOIA request, seeking records within the possession, custody, and control of DHS.

32.     DHS is obligated under 5 U.S.C. § 522(a)(3)(C) to conduct a reasonable search and to produce records responsive to HRDC's request.

33.     DHS failed to satisfy the requirement to search and release of records in the FOIA request and failed to provide any justification for its failure.

34.     As a result of DHS's failure to conduct an adequate search and promptly produce the materials requested by HRDC, it has violated 5 U.S.C. § 522(a)(3)(A)-(D) and its corresponding regulations.

## COUNT III

**Violation of 5 U.S.C. § 552(a)(4) & (6)**
**Failure to Grant Fee Waiver**

Plaintiff Human Rights Defense Center reincorporates and realleges paragraphs 1 through 21 above as if fully set forth herein.

35.     HRDC properly submitted its FOIA request, seeking records within the possession, custody, and control of DHS.

36.     In that request, HRDC asserted it was entitled to a waiver of all costs because disclosure of the records sought "is likely to contribute significantly to public understanding of the operations or activities of the government," as described in 5 U.S.C. § 552(a)(4)(A)(iii). And HRDC noted in the request "Regarding an analogous request from the Bureau of Prisons, the court in *Prison Legal News v. Lappin*, 436 F. Supp. 2d 17 (D.D.C. 2006), held that Prison Legal News (the previous name of the requesting corporation) was entitled to a fee waiver." Ex. A.

37.     As such, DHS violated FOIA, 5 U.S.C. § 552(a)(4), (a)(6), and corresponding regulations, when it failed to waive all search, review, processing, and duplication fees in connection with the request.

## **Requested Relief**

Plaintiff Human Rights Defense Center respectfully requests that the Court:

A.  Retain jurisdiction over this action to ensure that no agency records are wrongfully withheld;

B.  Declare that DHS's failure to respond and produce the requested records is unlawful;

C.  Declare that HRDC is entitled to disclosure of the requested records;

D.  Declare that HRDC is entitled to a fee waiver;

E.  Order DHS to immediately process and disclose all records responsive to the FOIA request that are not specifically exempt from disclosure under FOIA;

F.  Enjoin DHS from continuing to withhold any and all nonexempt records responsive to the FOIA request;

G.  Award reasonable attorney's fees and costs of litigation under 5 U.S.C. § 552(a)(4)(E); and

H.  Grant all other relief that the Court deems just and proper.

Dated: May 14, 2025

Respectfully submitted,

*/s/ James M. Slater*
James M. Slater (DC Bar # 1044374)
Slater Legal PLLC
2296 Henderson Mill Rd. N.E. #116
Atlanta, GA 30345
james@slater.legal
Tel. (404) 458-7283

*Attorneys for Plaintiff Human Rights Defense Center*

10