UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| HUMAN RIGHTS DEFENSE CENTER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendant. | Civil Action No. 25-1525 (APM) |

## ANSWER

Defendant, the United States Department of Homeland Security ("Defendant" or "DHS"), by and through undersigned counsel, respectfully submits the following Answer to Plaintiff, Human Rights Defense Center's Complaint, ECF No. 1. Defendant denies each allegation of the Complaint not expressly admitted in its Answer and admits, denies, or otherwise responds to the numbered paragraphs of the Complaint as follows:

### Introduction[1]

1. Defendant admits that Plaintiff submitted a Freedom of Information Act ("FOIA") request on July 16, 2024, and respectfully refers the Court to the FOIA request for a true and accurate reading of its contents. The remaining allegations contained in Paragraph 1 consist of Plaintiff's legal conclusions regarding compliance with FOIA, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

---

[1] Merely for ease of reference, Defendant replicates the headings contained in the Complaint. But to the extent a response is deemed required and to the extent those headings and titles could be construed as factual allegations, such allegations are denied.

## Parties, Jurisdiction, Venue

2. Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

3. Defendant admits it is a federal agency within the meaning of 5 U.S.C § 552(f)(1), and DHS may have possession of records responsive to the Plaintiff's FOIA request should any such records exist.

4. Defendant admits only that this Court has jurisdiction subject to the terms and limitations of FOIA.

5. The allegations contained in Paragraph 5 constitute Plaintiff's legal conclusions regarding venue, to which no response is required. To the extent a response is deemed required, Defendant DHS admits only that venue is proper in this judicial district.

## FACTUAL BACKGROUND

6. Defendant lacks the knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

7. Defendant lacks the knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

8. Defendant lacks the knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

9. Defendant lacks the knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

10. Defendant lacks the knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

**The FOIA Request to DHS-Request No. 2024-HQFO-01958**

11.     Defendant admits that on July 11, 2024, Plaintiff submitted a FOIA request and Exhibit A includes a copy of the request. Defendant DHS respectfully refers the Court to the relevant FOIA request for a complete and accurate reading of its contents.

12.     Defendant admits that Plaintiff requested a fee waiver.

13.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

14.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

15.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the

extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

16. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

17. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

18. Defendant admits that on July 11, 2024, DHS acknowledged Plaintiff's request, assigning it tracking number 2024-HQFO-01958, and that Exhibit C includes a copy of the correspondence. Defendant respectfully refers the Court to the acknowledgment for a complete and accurate reading of its contents and denies any allegations inconsistent therewith.

19. Defendant admits that on July 16, 2024, Plaintiff filed an appeal, and that Exhibit D includes a copy of the correspondence. Defendant respectfully refers the Court to that

correspondence for a complete and accurate reading of its contents and denies any allegations inconsistent therewith.

20. Defendant admits that on August 27, 2024, DHS acknowledged Plaintiff's correspondence and that Exhibit E includes a copy of the acknowledgement. Defendant respectfully refers the Court to the acknowledgment for a complete and accurate reading of its content and denies any allegations inconsistent therewith.

21. Defendant admits that it has not corresponded with Plaintiff since it filed its appeal.

## COUNT I

### Violation of 5 U.S.C. § 552(a)(6)(A)(ii)
### Failure to Timely Make Determination on Appeal

Defendant incorporates by reference its responses to paragraphs 1-21 above as though fully set forth herein.

22. The allegations contained in Paragraph 22 constitute conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

23. The allegations contained in Paragraph 23 constitute conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

24. The allegations contained in Paragraph 24 consist of Plaintiff's interpretation of FOIA, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

25. The allegations contained in Paragraph 25 consist of Plaintiff's interpretation of FOIA, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

26. The allegations contained in Paragraph 26 constitute conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

27. The allegations contained in Paragraph 27 constitute conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

28. The allegations contained in Paragraph 27 constitute conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

29. The allegations contained in Paragraph 29 constitute conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

30. The allegations contained in Paragraph 30 constitute conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

## COUNT II

### Violation of 5 U.S.C. § 552(a)(3)(A)-(D)
### Failure to Make a Reasonable Effort to Search for and Release Records

Defendant incorporates by reference its responses to paragraphs 1-30 above as though fully set forth herein.

31. The allegations contained in Paragraph 31 constitute conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

32. The allegations contained in Paragraph 32 constitute conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

33. The allegations contained in Paragraph 33 constitute conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

34. The allegations contained in Paragraph 34 constitute conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

### COUNT III

**Violation of 5 U.S.C. § 552(a)(4) & (6)**
**Failure to Grant Fee Waiver**

Defendant incorporates by reference its responses to paragraphs 1- 34 above as though fully set forth herein.

35. The allegations contained in Paragraph 35 constitute conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

36. The allegations contained in Paragraph 36 constitute conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

37. The allegations contained in Paragraph 37 constitute conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

**Requested Relief**

The remaining portion of the Complaint sets forth Plaintiff's request for relief, to which no response is required. To the extent that a response is deemed required, Defendant denies that Plaintiff is entitled to any of the relief sought or to any relief whatsoever.

**DEFENSES**

Defendants deny all allegations in the Complaint which they have not otherwise specifically admitted or denied herein.

**FIRST DEFENSE**

Plaintiff is not entitled to compel the production of responsive records protected from disclosure by any applicable FOIA exemptions or exclusions 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

**SECOND DEFENSE**

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized under FOIA.

**THIRD DEFENSE**

At all times alleged in the Complaint, Defendant acted in good faith, with justification, and pursuant to authority, and exceptional circumstances that necessitate additional time for Defendant to process Plaintiff's FOIA Request exist.

**FOURTH DEFENSE**

Plaintiff is neither eligible for, nor entitled to, attorneys' fees or costs.

**FIFTH DEFENSE**

Defendant may have additional defenses which are not known at this time, but which may become known. Accordingly, Defendant reserves the right to assert each and every affirmative or

other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

Dated: June 18, 2025
       Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:     */s/ Thomas W. Duffey*
THOMAS W. DUFFEY
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2510

*Attorneys for the United States of America*